FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 23, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RYAN C. ZENISHEK,<br><br>Defendant. | No. 2:25-CR-00163-RLP-1<br><br>ORDER FOLLOWING DETENTION REVIEW HEARING<br><br>**MOTION DENIED**<br>**(ECF No. 20)** |

On January 15, 2026, the Court held a detention review hearing to consider Defendant RYAN C. ZENISHEK's Motion to Modify Detention Order and to Release Defendant to Inpatient Treatment. **ECF No. 20**. Defendant appeared while in custody represented by court-appointed counsel Frank Cikutovich. Special Assistant U.S. Attorney Annika Tangvald represented the United States. U.S. Probation Officer Patrick J. Dennis was also present.

***Basis to Reopen Detention Hearing:***  Defendant initially waived his right to a detention hearing but reserved the right to revisit the issue of detention if his circumstances changed. ECF No. 16. Defendant now seeks to reopen the question of detention and the Court finds that Defendant's Motion to Modify Detention Order and to Release to Inpatient Treatment, **ECF No. 20**, constitutes a sufficient basis to reopen the question of detention pursuant to 18 U.S.C. § 3142(f) and conduct a detention hearing.

***Detention Hearing:***  Defendant, through counsel, made proffers in support of Defendant's release.  Specifically, Defendant proffered a release plan wherein Defendant would temporarily release from custody to attend inpatient substance

ORDER - 1

abuse treatment at Pioneer Center East. Defendant contended the proposed temporary release plan would reasonably assure Defendant's appearance as required and/or the safety of any other person and the community. Defendant emphasized his lack of criminal history for approximately fifteen years and contended his recent criminal history correlated with a relapse of controlled substances abuse.

      The United States opposed Defendant's release and contended there are no conditions of release the Court could impose that would reasonably assure Defendant's appearance as required and/or the safety of any other person and the community. The Government emphasized the seriousness of the charges against Defendant. Defendant is charged with three counts of drug trafficking and one count of possessing a firearm in furtherance of drug trafficking. ECF No. 1. Specifically, Defendant is charged with Possession with Intent to Distribute 500 Grams or More of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii) (Count 1); Possession with Intent to Distribute 400 Grams or More of Fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(vi); Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); and Possession of a Firearm in Furtherance of Drug Trafficking, in violation of 18 U.S.C. § 924(c)(1)(A). ECF No. 1. The charges in the Indictment relate to alleged conduct on November 7, 2024. ECF No. 1.

      The Government further proffered that at the residence where Defendant was arrested in October 2025, additional significant quantities of controlled substances were recovered in addition to several firearms and large quantities of U.S. currency. According to the Government's proffer, law enforcement recovered over 9,000 grams of methamphetamine, 1,200 grams of fentanyl, 300 grams of cocaine, and four firearms from the home where Defendant was arrested. The

ORDER - 2

United States emphasized that Defendant's arrest occurred after Defendant was contacted by law enforcement in 2024 regarding the allegations in the Indictment. The Government also argued that the presence of Defendant's infant daughter in the home where Defendant was arrested is further evidence Defendant poses a danger to the community if released.

***Review and Consideration of the 18 U.S.C. § 3142 Factors:***  The Court has reviewed and considered:  the proffers and arguments of counsel; the file in this case; the Indictment, ECF No. 1; the Government's Motion for Detention, ECF No. 10; the Pretrial Services Report, ECF No. 12; the Order Granting United States' Motion for Detention, ECF No. 16; and Defendant's Motion to Modify Detention Order and to Release Defendant to Inpatient Treatment, **ECF No. 20**. Pursuant to 18 U.S.C. § 3142, the Court also considered:  1) the nature and circumstances of the offense charged; 2) the weight of the evidence against Defendant; 3) Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, and whether Defendant was under supervision at the time of the alleged offense; and, 4) the nature and seriousness of the danger to the community posed by Defendant's release.  *See* 18 U.S.C. § 3142(g).  Finally, the Court also considered that a rebuttable presumption[1] of detention applies in this case pursuant

---

[1] Although the presumption of detention shifts the burden of production to Defendant, the ultimate burden of persuasion on Defendant's flight risk and danger to the community remains with the Government. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).  When a defendant presents evidence to rebut the

ORDER - 3

to 18 U.S.C. § 3142(e)(3)(A) as this case involves offenses under the Controlled Substances Act for which the maximum penalty is ten years or more in prison and pursuant to 18 U.S.C. § 3142(e)(3)(B) as this case also involves the alleged possession of a firearm pursuant to 18 U.S.C. § 924(c). ECF No. 1. The United States previously invoked the rebuttable presumption of detention. ECF No. 10 at 2-3. The Court agrees that the rebuttable presumption applies in the instant case pursuant to both 18 U.S.C. § 3142(e)(3)(A) and 18 U.S.C. § 3142(e)(3)(B).

*__Nature and Circumstances of the Charged Offense:__* The nature and circumstances of the charged offenses are serious and weigh heavily in favor of detention. Again, the Indictment charges Defendant with Possession with Intent to Distribute 500 Grams or More of Methamphetamine, in violation of 21 U.S.C. §841(a)(1), (b)(1)(A)(viii) (Count 1); Possession with Intent to Distribute 400 Grams or More of Fentanyl, in violation of 21 U.S.C. §841(a)(1), (b)(1)(A)(vi) (Count 2); Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. §841(a)(1), (b)(1)(C) (Count 3); and Possession of a Firearm in Furtherance of Drug Trafficking, in violation of 18 U.S.C. §924(c)(1)(A) (Count 4). ECF No. 1. Defendant faces a potential 10-year mandatory minimum sentence and up to a life term with regard to Count 1 and Count 2 and an additional 5-year sentence consecutive to any other conviction with regard to Count 4. ECF No. 3. The amount and variety of controlled substances alleged in the Indictment suggest relatively large scale drug trafficking involving multiple substances all in

---

presumption arising under 18 U.S.C. § 3142(e)(3), the presumption itself still mitigates against the defendant's release, and is "to be weighed along with other evidence relevant to factors listed in § 3142(g)." *Id*. (quoting *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986)).

ORDER - 4

conjunction with firearms.  The Government further proffered that despite law enforcement contact around the time of the offenses alleged in the Indictment (November 2024), Defendant was arrested approximately a year later at a location that contained additional substantial quantities of controlled substances and more firearms.[2]  Taken together, the nature and circumstances of the alleged offenses and the circumstances of Defendant's arrest strongly suggest Defendant remained engaged in drug trafficking activity that also involved multiple firearms for at least a year.  This factor weighs heavily in favor of detention.

*__Weight of the Evidence:__*  The weight of the evidence was sufficient for the return of an Indictment, though this is the least important factor in the Court's analysis.  This factor weighs in favor of detention, particularly in light of the Government's proffer that strongly suggests Defendant was engaged in the same activity as charged in the Indictment until at least the time of his arrest a year later.

*__Defendant's History and Characteristics:__*  Defendant was not interviewed for the purpose of a Pretrial Services Report, so there is little information available regarding Defendant's history and characteristics.  According to Defendant's proffer, he has lived in Eastern Washington his entire life and has significant family support in the area, including many family members present in the courtroom.  Defendant's criminal history available to the Court shows a lengthy criminal history, though many of Defendant's prior felony convictions were vacated.  ECF No. 12 at 2-4.  Defendant proffered to the Court that he had a long history of controlled substance abuse but also had fifteen years of sobriety in which he accumulated no new criminal charges.  Defendant also proffered his period of

---

[2] The Government indicated that the alleged arrest conduct may form the basis for additional criminal charges in the future.

ORDER - 5

long sobriety ended when he lost a child and divorced his wife, leading to a relapse of drug use.

This factor ultimately weighs in favor of detention. While Defendant does indeed appear to have had a period of sobriety for approximately fifteen years, the conduct alleged in the Indictment (and additional subsequent conduct proffered by the Government) goes far beyond what Defendant characterizes as a relapse. A relapse is a return to using controlled substances by an individual that leads to negative consequences for the individual and his or her immediate family. A relapse is a relatively common part of the addiction recovery process. Only a relapse is not the conduct alleged in the Indictment. Rather, the Grand Jury has found probable cause to believe Defendant engaged in the distribution of multiple dangerous controlled substances while possessing firearms to further his distribution activities. The Government further proffered that Defendant remained engaged in similar conduct and also continued to possess firearms a year later. Such conduct presents a far greater risk to the community than if Defendant alone returned to personal drug use.

***Nature and Seriousness of the Danger to the Community Posed by Defendant's Release:*** The nature of the charges in this case are very serious and, again, Defendant's criminal history includes prior convictions for controlled substance offenses. The nature and serious of the danger to the community and any other person posed by Defendant's release—even for the temporary purpose of attending inpatient substance abuse treatment—must be weighed against the confidence the Court can have that Defendant would abide by any conditions of release the Court could impose. On the record before the Court, the Court has no confidence that Defendant is able to abide by any conditions fashioned by the Court. This factor also weighs in favor of detention.

ORDER - 6

***Findings Pursuant to 18 U.S.C. § 3142:***  The Court finds Defendant has not overcome the presumption of detention that applies in this case.  Setting aside the presumption of detention, the Court further finds the United States established by a preponderance of the evidence that there is no condition or combination of conditions of release the Court could impose that would reasonably assure Defendant's appearance at future proceedings and the United States established by clear and convincing evidence that there is no condition or combination of conditions of release the Court could impose that would reasonably assure the safety of other persons or the community if Defendant were released.

**IT IS ORDERED:**

1. Defendant's Motion to Modify Detention Order and to Release Defendant to Inpatient Treatment, **ECF No. 20,** is **DENIED**.  Defendant shall be held in detention pending disposition of this case or until further order of the Court.  Defendant is committed to the custody of the U.S. Marshal for confinement separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant shall be afforded reasonable opportunity for private consultation with counsel

2. If a party seeks reconsideration of Defendant's detention before this Court because of material and newly discovered circumstances pursuant to 18 U.S.C. § 3142(f), any such motion shall be a maximum of four-pages in length and shall succinctly state what circumstances are new, how they are established, and the requested change in conditions of release.  The motion shall indicate whether opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion objects, whether a hearing is desired, and whether a supplemental pretrial services report is requested.  If the moving party, after the exercise of due diligence, is unable to determine the position of any party

ORDER - 7

listed above, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position and request the Court treat the motion as expedited and submitted without argument.  Motions in Spokane cases shall be heard as set by the Spokane Magistrate Judge Courtroom Deputy.  Yakima cases shall be heard on the following Wednesday docket, and Richland cases shall be heard on the following Thursday docket.  If the Court determines that oral argument is unnecessary on the motion, the motion shall be set for decision on the Court's 6:30 p.m. docket.

       3.     If necessary, the United States Probation/Pretrial Services Office is authorized to prepare a supplemental pretrial services report and shall notify defense counsel prior to interviewing Defendant.  If Defendant does not wish to be interviewed, that Office shall prepare said report using any information it deems relevant to the issue of detention.

       4.     If a party desires that another court review this Order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order Review Protocol published for the Eastern District of Washington.  Both parties shall cooperate to ensure that the motion is promptly determined.

**IT IS SO ORDERED.**

DATED January 23, 2026.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 8